J-S36015-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER J. COLAIZZI | : | |
| | : | |
| Appellant | : | No. 186 WDA 2020 |

Appeal from the PCRA Order Entered December 20, 2019
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0001453-2013

BEFORE: OLSON, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY OLSON, J.: FILED AUGUST 14, 2020

Appellant, Christopher J. Colaizzi, appeals from the order entered December 20, 2019, which dismissed his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm and grant PCRA counsel's motion to withdraw.

The PCRA court accurately summarized the relevant factual and procedural history of this case as follows.

On April [30], 2013, [Appellant] was charged [with various crimes related to his sexual abuse of a juvenile victim.]

On October 29, 2013, [Appellant] entered a non-negotiated guilty plea to [aggravated indecent assault–complainant less than 13-years-old; aggravated indecent assault of a child; indecent assault without the consent of other; indecent assault–person less than 13-years-old; corruption of a minor; and endangering the

_____

[*] Retired Senior Judge assigned to the Superior Court.

welfare of a child.] On October 28, 2014, [the trial court] sentenced [Appellant] to an aggregate sentence of five [] to ten [] years['] incarceration at the Department of Corrections, followed by ten [] years['] consecutive probation. Additionally, . . . [Appellant] was found to be a Sexually Violent Predator and was classified as a Tier III sex offender under the Sexual Offender Registration and Notification Act ("SORNA"), which included a lifetime registration requirement.

PCRA Court Order and Opinion, 12/20/19, at 1-2.

Appellant did not seek further review. On September 18, 2017, however, Appellant filed a pro se PCRA petition. The PCRA court subsequently appointed counsel, who, on January 8, 2018, filed an amended PCRA petition on Appellant's behalf. In his amended PCRA petition, Appellant claimed that "the separate registration and requirements imposed under SORNA [were] deemed unconstitutional by the Pennsylvania Supreme Court in Commonwealth v. Muniz, 135 A.3d 178 (Pa. 2016), and[, as such, he] was entitled to relief." PCRA Court Opinion and Order, 12/20/19, at 3. The PCRA court held an evidentiary hearing on October 15, 2019, but ultimately dismissed Appellant's petition on December 20, 2019. Id. This appeal followed.

As a prefatory matter, we must address the timeliness of this appeal. Timeliness of an appeal concerns our appellate jurisdiction, which we may raise sua sponte. Commonwealth v. Andre, 17 A.3d 951, 957–958 (Pa. Super. 2011). As stated above, the PCRA court entered an order dismissing Appellant's PCRA petition on December 20, 2019. Appellant, however, filed

his notice of appeal on January 21, 2020. Because this is more than 30 days after December 20, 2019, this appeal appears untimely.

A notice of appeal must be "filed within 30 days after entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). Our Rules of Criminal Procedure dictate that if, after an evidentiary hearing a judge dismisses a PCRA petition, the judge must "promptly issue an order denying relief" and that "order shall be filed and served as provided in Rule 114." Pa.R.Crim.Pro. 908(D)(1). Rule 114 requires that all orders and court notices be docketed, and that the docket entries contain the date the clerk's office received the order, the date of the order, and the date in which the clerk served the order to the party's attorney or the party if unrepresented. See Pa.R.Crim.Pro. 114(B) and 114(C)(2). "The comment to this Rule suggests that the notice and recording procedures are mandatory and not modifiable." Commonwealth v. Davis, 867 A.2d 585, 587 (Pa. Super. 2005). Thus, if the docket fails to reflect that the clerk furnished a copy of an order to the parties, we "assume [that] the period for taking an appeal was never triggered." Commonwealth v. Jerman, 762 A.2d 366, 368 (Pa. Super. 2000); see also Fraizer v. City of Philadelphia, 735 A.2d 113, 115 (Pa. 1999) (explaining that, although the parties received a copy of the order, "the appeal period was not triggered" due to the clerks failure to make a "formal entry" regarding notice on the docket). Herein, while the docket includes an entry of the dismissal order, there is no indication that the clerk served a copy

of the order to Appellant.  As such, Appellant's appeal is not untimely and is not subject to quashal.[1]

On May 13, 2020, Appellant's court-appointed counsel filed a motion to withdraw as counsel and brief pursuant to Anders v. California, 386 U.S. 738 (1967), and Commonwealth v. Santiago, 978 A.2d 349 (Pa. 2009).  In the context of a PCRA petition and request to withdraw, however, the appropriate filing is a Turner/Finley "no-merit" letter.  See Commonwealth v. Turner, 544 A.2d 927 (1988); Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc).  Nonetheless, this Court generally accepts an Anders brief as it "provides greater protection to the defendant." Commonwealth v. Fusselman, 866 A.2d 1109, 1110-1111 n.3 (Pa. Super. 2004).  Thus, "[b]efore we may review the merits of Appellant's claim, we must determine if PCRA [c]ounsel [] satisfied the requirements to be permitted to withdraw from further representation."  Commonwealth v. Tirado, 2020 WL 1066074, at *3 (Pa. Super. Mar. 5, 2020).

Pursuant to Turner/Finley, an "[i]ndependent review of the record by competent counsel is required before withdrawal [on collateral review] is

_____

[1] On February 7, 2020, the PCRA court entered an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b)(1).  Appellant timely complied.  On March 3, 2020, the PCRA court issued a statement pursuant to Pa.R.A.P. 1925(a), in which it expressly incorporated the opinion that accompanied its December 20, 2019 order.

permitted." Commonwealth v. Pitts, 981 A.2d 875, 876 n.1 (Pa. 2009).

Our Supreme Court noted that independent review must reveal the following:

I. A "no merit" letter by PC[R]A counsel detailing the nature and extent of his review;

II. The "no merit" letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;

III. The PC[R]A counsel's "explanation", in the "no merit" letter, of why the petitioner's issues were meritless;

IV. The PC[R]A court conducting its own independent review of the record; and

V. The PC[R]A court agreeing with counsel that the petition was meritless.

Id. (citation and brackets omitted).

Additionally:

Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed pro se or by new counsel.

If counsel fails to satisfy the foregoing technical prerequisites of Turner/Finley, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper Turner/Finley request or an advocate's brief.

However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of Turner/Finley, the [court] must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

Commonwealth v. Wrecks, 931 A.2d 717, 721 (Pa. Super. 2007) (citations omitted).

Instantly, while PCRA counsel filed an Anders brief on appeal, he substantially complied with the aforementioned requirements. Indeed, in his appellate brief, PCRA counsel identified Appellant's claim, noted that he reviewed the merits of his claim and explained why Appellant's claim lacked merit. Furthermore, in PCRA counsel's motion to withdraw, he represented to this Court that he notified Appellant of his intention to withdraw from representation, provided Appellant with a copy of the appellate brief, and specifically advised Appellant that he may proceed on appeal with privately retained counsel or pro se. Motion to Withdraw as Counsel, 5/13/20, Exhibit A. As such, PCRA counsel substantially complied with Turner/Finley's technical requirements. We therefore proceed in our independent evaluation.

PCRA counsel raised one issue in his Turner/Finley brief:

Whether the [PCRA] court erred when it [determined] that [Appellant] was not entitled to [PCRA] relief . . . even though the lifetime registration [requirement of SORNA] is an ex post facto law [because] the illegal conduct occurred between May 2012 and October 2012?

Turner/Finley Brief at 6.

As a general matter, we "review a denial of PCRA relief to determine whether the PCRA court's findings are supported by the record and free of legal error." Commonwealth v. Albrecht, 994 A.2d 1091, 1093 (Pa. 2010). "The court's scope of review is limited to the findings of the PCRA court and

the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party." Commonwealth v. Hammond, 953 A.2d 544, 556 (Pa. Super. 2008).

Prior to reaching the merits of Appellant's claims, however, "we must [] determine whether the instant PCRA petition was timely filed." Commonwealth v. Smith, 35 A.3d 766, 768 (Pa. Super. 2001), appeal denied 53A.3d 757 (Pa. 2012). The timeliness requirement for PCRA petitions "is mandatory and jurisdictional in nature." Commonwealth v. Taylor, 67 A.3d 1245, 1248 (Pa. 2013) (citation omitted). A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. §§ 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. §§ 9545(b)(3). Here, Appellant's judgment of sentence became final on November 27, 2014: nearly three years before he filed the instant petition. Hence, Appellant's petition is manifestly untimely. Therefore, unless one of the statutory exceptions to the time-bar applies, no court may exercise jurisdiction to consider this petition.

Pursuant to 42 Pa.C.S.A. §9545(b), there are three statutory exceptions to the timeliness provision that allow for very limited circumstances under which the untimely filing of a PCRA petition will be excused. To invoke an exception, a petitioner must allege and prove one of the following:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). If an exception applies, a PCRA petition may be considered if it is filed "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).[2]

Appellant's PCRA petition claimed that he was entitled to relief under Muniz, supra, which held that the retroactive application of SORNA's registration scheme violated the ex post facto clauses of the United States and Pennsylvania's constitutions. Appellant's Amended PCRA Petition, 1/8/18, at 1-4. As such, we read Appellant's petition as invoking section 9545(b)(1)(iii), the newly-recognized constitutional right exception to the PCRA time-bar. Muniz, however, "cannot satisfy the 'new retroactive right' exception of

_____

[2] Effective December 24, 2018, the legislature amended Section 9545(b)(2) to read: "Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." See 42 Pa.C.S.A. §9545(b)(2) (effective December 24, 2018). However, the amendment to Section 9545(b)(2) only applies to "claims arising on [December] 24, 2017 or thereafter. See id. at Comment. Appellant filed his current petition on September 18, 2017; thus, the amended Section 9545(b)(2) does not apply to Appellant's claim.

section 9545(b)(1)(iii)." Commonwealth v. Murphy, 180 A.3d 402, 405 (Pa. Super. 2018) (citation omitted). Previously, this Court explained:

> [We] acknowledge that this Court has declared that, "Muniz created a substantive rule that retroactively applies in the collateral context." Commonwealth v. Rivera-Figueroa, 174 A.3d 674, 678 (Pa. Super. 2017). However, because Appellant's PCRA petition is untimely (unlike the petition at issue in Rivera-Figueroa), he must demonstrate that the Pennsylvania Supreme Court has held that Muniz applies retroactively in order to satisfy section 9545(b)(1)(iii). See [Commonwealth v.] Abdul-Salaam, [812 A.2d 497, 501 (Pa. 2002)]. Because at this time, no such holding has been issued by our Supreme Court, Appellant cannot rely on Muniz to meet that timeliness exception.

Commonwealth v. Greco, 203 A.3d 1120, 1124 (Pa. Super. 2019), quoting Murphy, 180 A.3d at 405-406. Hence, Appellant's reliance on Muniz is insufficient to invoke the timeliness exception set forth at section 9545(b)(1)(iii). Because no exception to the PCRA's one-year time-bar applies, we conclude that Appellant's petition is untimely and any appeal from the dismissal of the petition would be entirely without merit.

We have also conducted an independent review of the entire record as required by Turner/Finley and have not discerned any other potentially meritorious issues.

Order affirmed. Motion to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  8/14/2020